# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

 *Plaintiff*

v.

SAAD WHOLESALE INC.; d/b/a SAAD HALAL MEATS,

 *Defendant.*

Case No.: 23-cv-12837

Judge:  Hon. Judith E. Levy

Magistrate Judge Elisabeth Stafford

_____

| COPYCAT LEGAL PLLC | THENNISCH LAW GROUP |
|---|---|
| Daniel DeSouza | Jeffrey P. Thennisch (P51499) |
| 3111 N. University Drive, Suite 301 | 7111 Dixie Highway #210 |
| Coral Springs, FL  33065 | Clarkston, MI 48346 |
| (877) 437-6228 | (810) 610-5640 |
| dan@copycatlegal.com | jeff@musicrightslaw.com |
| | |
| CLARK HILL PLC | THE PERRIN LAW FIRM |
| Charles E. Murphy (P28909) | John M. Perrin (P43352) |
| Magy E. Shenouda (85576) | 319 N. Gratiot |
| 220 Park St., Suite 200 | Mt. Clemens, MI  48043 |
| Birmingham, MI  48009-3477 | (586) 773-9500 |
| (248) 988-5870 | johnmperrin@yahoo.com |
| cmurphy@clarkhill.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

_____

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

43262144.1

In accordance with the Court's February 6, 2024 Order at ECF No. 18 striking the prior Motion to Dismiss at ECF No. 17, Defendant, Saad Wholesale Inc. d/b/a Saad Halal Meats ("SAAD"), by and through its undersigned counsel, hereby submits its responsive pleading in the form of an Answer and Affirmative Defenses in lieu of a motion to dismiss as follows:

1. Defendant admits the allegations set forth in paragraph 1.

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant admits the allegations set forth in paragraph 3.

4. Defendant admits the allegations set forth in paragraph 4.

5. Defendant admits the allegations set forth in paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies such allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies such allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the compound allegation set forth in paragraph 8 and, therefore, denies such allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the compound allegations set forth in a paragraph 9 and, therefore, denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, denies such allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies such allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies such allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies such allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies such allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and, therefore, denies such allegations.

16. Defendant admits the allegations set forth in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and, therefore, denies such allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, denies such allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and, therefore, denies such allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and, therefore, denies such allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and, therefore, denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, therefore, denies such allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and, therefore, denies such allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and, therefore, denies such allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, denies such allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, therefore, denies such allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and, therefore, denies such allegations.

43262144.1

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and, therefore, denies such allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and, therefore, denies such allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and, therefore, denies such allegations.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and, therefore, denies such allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and, therefore, denies such allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and, therefore, denies such allegations.

43262144.1

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and, therefore, denies such allegations.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and, therefore, denies such allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and, therefore, denies such allegations.

### Defendant's First Affirmative Defense

**<u>Plaintiff's Asserted U.S. Copyright Registration VA 2-022-602 Relating To The Asserted "First Photograph" Is NOT Entitled To Any Statutory Presumption Of Validity Under 17 U.S.C. §410(c)</u>**

37. In Paragraph 11 of the Plaintiff's Complaint (ECF No. 1, PageID.3), Plaintiff states: "In 1999, Plaintiff created a photograph of beef cow feet titled 'BeefCowFeet001' (the 'First Photograph")."

38. In Paragraph 12 of the Plaintiff's Complaint (ECF No. 1, PageID.3), Plaintiff states: "The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the

7

Register of Copyrights on August 5, 2016 and was assigned Registration No. VA 2-022-602.

39. Plaintiff's Exhibit A to the Plaintiff's Complaint consists of the asserted U.S. Copyright Registration No. VA 2-022-602, which bears a date of issuance by the U.S. Copyright Office of November 18, 2016.

40. At ECF No. 1-1, PageID.12, Plaintiff's asserted U.S. Copyright Registration No. VA 2-022-602 issued on November 18, 2016 states on its face that it comprises: "Group registration of photos published 01-09-1994 through 12-05-1994; about 220 photos total."

41. At ECF No. 1-1, PageID.14, Plaintiff's asserted U.S. Copyright Registration No. VA 2-022-602 identifies the Plaintiff's asserted First Photograph as BeefCowFeet001 as having a putative date of publication of July 23, 1994.

42. Upon information and belief, the period of time that elapsed between the putative July 23, 1994 date of publication of the First Photograph as BeefCowFeet001 at ECF No. 1-1, PageID.14 and the November 18, 2016 date of issuance of Plaintiff's asserted U.S. Copyright Registration No. VA 2-022-602 at ECF No. 1-1, PageID12 exceeds twenty-two (22) years.

43262144.1

43. Section 410(c) of the U.S. Copyright Act (17 U.S.C. §410(c)) states as follows: "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."

44. Upon information and belief, the Plaintiff's asserted U.S. Copyright Registration No. VA 2-022-602 is not afforded any statutory presumption of validity in this action.

**Defendant's Second Affirmative Defense**
**Plaintiff's Asserted U.S. Copyright Registration VA 2-012-581 Relating To The Asserted "Second Photograph" Is NOT Entitled To Any Statutory Presumption Of Validity Under 17 U.S.C. §410(c)**

45. In Paragraph 13 of the Plaintiff's Complaint (ECF No. 1, PageID.4), Plaintiff states: "In 1999, Plaintiff created a photograph of beef cow feet titled 'BeefMeatloaf18' (the 'Second Photograph")._

46. In Paragraph 14 of the Plaintiff's Complaint (ECF No. 1, PageID.4), Plaintiff states: "The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the

9

Register of Copyrights on August 5, 2016 and was assigned Registration No. VA 2-012-581.

47. Plaintiff's Exhibit B to the Plaintiff's Complaint consists of the asserted U.S. Copyright Registration No. VA 2-012-581, which bears a date of issuance by the U.S. Copyright Office of August 5, 2016.

48. At ECF No. 1-1, PageID.20, Plaintiff's asserted U.S. Copyright Registration No. VA 2-012-581 issued on August 5, 2016 states on its face that it comprises: "Group Registration/Photos, 135 photos published 1/11 -12/29/1999."

49. At ECF No. 1-1, PageID.24, Plaintiff's asserted U.S. Copyright Registration No. VA 2-012-581 identifies the Plaintiff's asserted Second Photograph as BeefMeatloaf018 as having a putative date of publication of September 20, 1999.

50. Upon information and belief, the period of time that elapsed between the putative September 20, 1999 date of publication of the Second Photograph as BeefMeatloaf18 at ECF No. 1-1, PageID.24 and the August 5, 2016 date of issuance of Plaintiff's asserted U.S. Copyright Registration No. VA 2-012-581 at ECF No. 1-1, PageID20 is nearly seventeen (17) years.

51. Section 410(c) of the U.S. Copyright Act (17 U.S.C. §410(c)) states as follows: "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."

52. Upon information and belief, the Plaintiff's asserted U.S. Copyright Registration No. VA 2-012-581 is not afforded any statutory presumption of validity in this action.

                              Respectfully submitted,

                              <u>/Jeffrey P. Thennisch/</u>
                              Jeffrey P. Thennisch
                              Thennisch Law Group, PC
                              7111 Dixie Highway #210
                              Clarkston, MI 48346
                              Telephone: (810) 610-5640

                              ATTORNEY FOR DEFENDANT

Dated:           February 7, 2024

43262144.1

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury of all issues and matters so triable.

                          Respectfully submitted,

                          /Jeffrey P. Thennisch/
                          Jeffrey P. Thennisch
                          Thennisch Law Group, PC
                          7111 Dixie Highway #210
                          Clarkston, MI  48346
                          Telephone:  (810) 610-5640

                          ATTORNEY FOR DEFENDANT

Dated:              February 7, 2024

43262144.1

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2024, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

                                                  Thennisch Law Group, PLLC

                                                  By:  /s/ Jeffrey P. Thennisch
                                                  Jeffrey P. Thennisch (P51499)
                                                  7111 Dixie Highway #210
                                                  Clarkston, MI  48346
                                                  Tel: (810) 610-5640
                                                  jeff@musicrightslaw.com